### C. W. F. KIRKLEY v. PETER PARKER, TREAS.

TAX LEVIED BEFORE LAW HELD VOID NOT LEGAL, MAY BE ENJOINED.

The mere fact, alone, that an unconstitutional statute, under which a tax levy was made, had not, up to the time of making the levy, been held unconstitutional by the Supreme Court, will not legalize the tax and warrant a court in refusing to enjoin its collection.

ERROR to Lucas common pleas court.

**B. A. Hayes,** for plaintiff in error:

*Stare decisis. Yost* v. *Brewery Co.* 10 Circ. Dec. 693 (20 R. 26); *Maumee Brewing Co.* v. *Yost,* 63 Ohio St. 563 [60 N. E. Rep. 1132]; *Pump* v. *Lucas Co. (Comrs.)* 69 Ohio St. 448 [69 N. E. Rep. 666]; 26 Enc. Law (2 ed.) 179; *Lewis* v. *Symmes,* 61 Ohio St. 471 [56 N. E. Rep. 194; 76 Am. St. Rep. 428]; *Price* v. *Toledo,* 25 O. C. C. 617; *State* v. *The Judges,* 21 Ohio St. 1; *State* v. *Lewis,* 69 Ohio St. 202 [69 N. E. Rep. 132]; *Willis* v. *Owen,* 43 Tex. 41; *Cleveland* v. *Wick,* 18 Ohio St. 304; *Cin. L. & N. Ry.* v. *Cincinnati,* 62 Ohio St. 465 [57 N. E. Rep. 229; 49 L. R. A. 566].

**W. G. Ulery** and **J. S. Martin,** for defendant in error.

**HAYNES, J.**

A petition in error is filed in this case for the purpose of reversing a judgment of the court of common pleas in a matter of certain alleged illegal taxes. The facts of the case are so well stated in the brief of the plaintiff in error that I quote from it:

Kirkley v. Parker.

"In the court of common pleas the plaintiff in error, who was plaintiff below, brought an action to restrain the county treasurer from collecting part (to wit, $214.10) of the taxes standing charged on the tax duplicate of 1904 against lot 224, Port Lawrence division, the plaintiff admitting that the balance (to wit, $2,033.07) was legal and due.

"The court below restrained the treasurer from collecting $155.87 of the $214.10, but refused to enjoin the collection of the balance, $58.23. Because of the refusal to enjoin this small sum, $58.23, the plaintiff prosecutes error here. It appears from the petition that in June, 1903, the county commissioners levied for general county purposes two and thirty-seven one-hundredths mills on each dollar of taxable valuation. Under the Lucas county clause of Lan. R. L. 4265 (R. S. 2823), as it stood prior to the amendment of April 23, 1904 (97 O. L. 308), the commissioners were authorized to levy not to exceed five mills for all county purposes; but under the general clause of that section they were authorized to levy only seven-tenths of a mill in counties having a taxable valuation between $70,000,000 and $100,000,000, of which Lucas county is one. The rate actually levied (two and thirty-seven one-hundredths mills) exceeded the rate authorized by the general clause of Lan. R. L. 4265; R. S. 2823 (seven-tenths of a mill) by one and sixty-seven one-hundredths mills, which on a valuation of $34,870—the valuation of the property in question—would amount to $58.23, the amount in controversy before this court. In March, 1900, in the case of *Yost* v. *Brewery Co.* 10 Circ. Dec. 693 (20 R. 26), this court held the Lucas county clause of Lan. R. L. 4265 (R. S. 2823) to be constitutional. This decision was affirmed without report by the Supreme Court June 5, 1900, *Maumee Brew. Co.* v. *Yost,* 63 Ohio St. 563; but January 19, 1904, after the levy of the county commissioners in the case at bar (June, 1903), in the case of *Pump* v. *Lucas Co.* (*Comrs.*) 69 Ohio St. 448 [69 N. E. Rep. 666], the Supreme Court held the Lucas county clause of Lan. R. L. 4265 (R. S. 2823) to be unconstitutional and that Lucas county must be governed by the general clause of that section. The court below applied the doctrine of *stare decisis* to the case at bar and held the law levied for county purposes to be valid."

The case stands upon the petition; there was no answer filed in the court of common pleas—the facts were taken to be admitted.

It was urged by counsel on behalf of the county commissioners that we ought not to interfere with this tax because, at the time or before the tax was levied, while this suit was pending in the Supreme Court, an application was made to that court for temporary injunction, prior to June of that year, prior to the time at which the tax levy was made by the county commissioners, and that that court overruled the motion

Lucas County.

without announcing any decision upon the point. That subsequent and after the tax was levied, the Supreme Court in that same case decided that that law was unconstitutional and invalid. It is claimed by counsel that, relying upon the fact that the Supreme Court overruled the motion for a temporary injunction the commissioners in this action proceeded to make the levy although the case was then pending in the Supreme Court. There is no contention but that the law has been declared unconstitutional by the Supreme Court; the only contention is, that it is not applicable to an assessment or to levies which were made prior to the decision of the Supreme Court, as is the case here.

The court below, as we understand it, proceeded in the decision upon the general idea that by reason of the fact that the law had not been declared unconstitutional and had not been so held by the Supreme Court at the time the levy was made that therefore the court ought not to interfere in the way of injunction to restrain the collection of this tax. But we are unable to agree with the court in that respect. We have examined the cases which have been cited by counsel for the plaintiff and we think that the decision of the Supreme Court of this state, following the decision of the Supreme Court of the United States and of other states limits the cases, where the court will refuse to interfere, to cases where there have been contracts entered into upon the faith of the statutes and the decisions of the Supreme Court of the state under them. To that effect we think is the cause of Lewis v. Symmes, 61 Ohio St. 471 [56 N. E. Rep. 194; 76 Am. St. Rep. 428] and State v. Lewis, 69 Ohio St. 202, 209 [69 N. E. Rep. 132], and counsel have also cited a very brief statement of the law from 26 Am. & Eng. Enc. Law (2 ed.) 179.

Now there is no answer filed in this case and it nowhere appears in the record of the case that there had been any contracts whatever entered into upon the faith of this tax when it was levied or the decision of the Supreme Court made under it; it is in fact a levy made for the general funds of the county and we are clear in our minds that the rule of law which they seek to apply has no application to a case of this kind. We have once expressed ourselves upon this law, but as we understand it we are now following the decisions of the Supreme Court of this state, as we are required to do, and under those decisions we think the plaintiff in error is entitled to have this part of the law declared to be unconstitutional, illegal and void and the collection enjoined, and for that reason the judgment of the court of common pleas will be reversed and the cause remanded to that court for further action.

**Hull** and **Parker, JJ.,** concur.